UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEAN MICHAEL DRIVER,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN C. MCGRATH, SGT HILL, NURSE BARBARA, SPOKANE COUNTY SHERIFF DEPT. and SPOKANE COUNTY JAIL,<br><br>  Defendants. | No. 2:15-CV-0002-SMJ<br><br>**ORDER DISMISSING COMPLAINT**<br><br>1915(g) |

By Order filed March 3, 2015, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or to voluntarily dismiss within sixty (60) days, ECF No. 7. Mail sent to Plaintiff at the Spokane County Jail was returned as undeliverable on March 11, 2015, ECF No. 9. On March 12, 2015, the Court was notified, in response to the Order granting Plaintiff leave to proceed *in forma pauperis* and instructing the institution to forward partial payments of the filing fee, ECF No. 6, that Mr. Driver had been released to the streets. ECF No. 10.

ORDER DISMISSING COMPLAINT -- 1

In his complaint, Plaintiff complained about pain management, infection management, the lack of cleanliness in his cell, and limited exercise opportunities. Plaintiff admitted that he had not completed the grievance process. Although advised of the requirement that he do so, Plaintiff has also not kept the Court informed of his current address. He has filed nothing further in this action.

Plaintiff did not present any facts from which the Court could infer that identified Defendants were deliberately indifferent to his serious medical needs. *Farmer v. Brennan,* 511 U.S. 825 (1994). He presented no facts showing that Defendant John C. McGrath, as Director of the Jail, knew of a constitutional violation and failed to prevent it, or established a custom or policy that led to the violation. *See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984). *See also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor can only be held liable for his or her own culpable action or inaction).

Furthermore, Spokane County Jail and Spokane County Sheriff's department, as entities of the County, were not proper Defendants to this action. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.") While the term "person" includes local governmental entities, *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th

ORDER DISMISSING COMPLAINT -- 2

Cir. 2002), it does not encompass municipal or county departments. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983).

Plaintiff's assertion that Defendant Hill did not respond to his kites or grievances did not state a claim upon which relief may be granted, as the failure of prison officials to respond to or process a particular grievance does not violate the Constitution. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) ("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials.").

In addition, Plaintiff's assertion of limited opportunities for outdoor exercise in December 2014, was insufficient to state a constitutional violation. Although exercise is "one of the basic human necessities protected by the Eighth Amendment," *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993), a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation. *Cf. Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1994) (stating that a long-term deprivation of exercise is a denial of a basic human need in violation of the Eighth Amendment); *Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979)

ORDER DISMISSING COMPLAINT -- 3

(concluding that the deprivation of outdoor exercise for a "period of years" contravenes the Eighth Amendment).

For the reasons set forth above and in the Order to Amend or Voluntarily Dismiss Complaint, the complaint is dismissed.

Accordingly, **IT IS HEREBY ORDERED** that the complaint is **DISMISSED** for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **<u>Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915</u>**.  **<u>This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.</u>**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file. The District Court Executive is further directed to forward a copy of

///

//

ORDER DISMISSING COMPLAINT -- 4

1 | this Order to the Office of the Attorney General of Washington, Criminal Justice
2 | Division.   The Court certifies any appeal of this dismissal would not be taken in
3 | good faith.
4 |     **DATED** this 26th day of May 2015.

*[signature]*

_____
SALVADOR MENDOZA, JR.
United States District Judge